**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ADMIR DZELIC,**

    **Plaintiff,**

**v.**                                               **Case No.  8:11-cv-2727-T-30TBM**

**SCRIPTFLEET, INC.,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Scriptfleet, Inc.'s Motion to Dismiss (Dkt. 3) and Plaintiff's Response in opposition (Dkt. 9). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

This is an action under the Fair Labor Standards Act ("FLSA"). Plaintiff alleges that he worked as an hourly worker for Defendant, that Defendant is an employer, as defined by the FLSA, and that Defendant conducts interstate commerce, using telephones, highways and byways, and products and supplies that do not originate from Florida. Plaintiff alleges that Defendant and its subsidiaries provide retail transportation and deliver services for medical supplies nationwide. Plaintiff alleges that, as an employee, he was covered by the FLSA. Plaintiff also alleges that he did not exercise any substantial discretion in the exercise of his job duties. Plaintiff alleges that his job duties consisted of driving a car for Defendant to pick up deliveries and transport the products from various location to location as directed by Defendant.

Plaintiff alleges that he placed Defendant on notice prior to the filing of the instant action regarding overtime wages that were owed to him. Plaintiff alleges that he was not an independent contractor. Attached to Plaintiff's complaint is a letter addressed from Plaintiff to Defendant stating that his hours far exceeded forty hours "most weeks" and that he was not paid overtime for the excess hours. Plaintiff's letter also states that he is being improperly classified as an independent contractor. Finally, Plaintiff's letter sets forth an average number of overtime hours he is entitled to be compensated for and an overtime rate of $22.50, which he derived from his hourly rate of $15.00.

Astonishingly, Defendant's motion to dismiss argues that Plaintiff's complaint is devoid of facts required to show an entitlement to relief under *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), and should therefore be dismissed. Defendant is incorrect. Contrary to Defendant's arguments, Plaintiff's complaint adequately sets forth <u>specific</u> facts establishing jurisdiction, an employment relationship, and an overtime claim under the FLSA.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Scriptfleet, Inc.'s Motion to Dismiss (Dkt. 3) is DENIED.
2. Defendant shall file an answer to the complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on January 11, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2011\11-cv-2727.mtdismiss3.frm